THE CHICAGO, ST. LOUIS & NEW ORLEANS RAILROAD
COMPANY *v.* N. N. POUNDS, Adm'r.

CONSTITUTIONAL LAW. *Retrospective laws. Damages.* The act of the Leg-
islature of March 26, 1883, which provides that section 2291 *et seq.*
of the Code be so amended that damages resulting to parties for whose
use and benefit the right of action survives, from the death conse-
quent upon the injuries received, shall be recoverable in such action,
does not apply to suits where the cause of action arose prior to the
passage of the act. The act constitutes a new or additional cause of
action. The rights of the parties were fixed under the law as it ex-
isted at the time of the injury, and the law which undertook to change
those rights would be retrospective and void.

FROM GIBSON.

Appeal in error from the Law Court at Humboldt.
J. T. CARTHELL, J.

HILL & WILLIAMSON, A. W. CAMPBELL and JAS.
FENTRESS for railroad.

J. S. COOPER and T. J. HAYS for Pounds.

COOKE, Sp. J., delivered the opinion of the court.

J. H. Pounds, the intestate of the defendant in

error, was run over by a locomotive and train of cars of the plaintiff in error on its road and killed, and this action was instituted by his administrator for the benefit of the children of the deceased. There was a verdict and judgment in favor of the plaintiff below. A new trial was refused, and the defendant appealed.

It is insisted here that there was no evidence to support the verdict, or at least the preponderance of testimony is so great against it as to shock the conscience of the court, and therefore a new trial should be granted.

We do not concur in this. There was an apparent conflict in the testimony, but the jury were the exclusive judges of the credibility of the witnesses and the weight to be given to the testimony. There was evidence upon which the verdict can rest, and we will not disturb it for this reason.

The charge of the court has been criticised, but there is only one objection which we deem it necessary to notice.

The deceased was a widower, with a family of several children. There was testimony tending to show that he was kind to them and provided well for them. In charging the jury upon the measure of damages his Honor instructed them as follows: "Actual damages consist of the mental and bodily sufferings of the deceased, his loss of time, and necessary expenses immediately resulting to the deceased from the personal injuries, and also the pecuniary loss his death has caused his children, if any," etc.

Railroad *v.* Pounds.

In all other respects we think the charge is correct, and the question is, does the above instruction contain reversible error?

The action is predicated upon sec. 2291 and following sections of the Code. These sections have been several times construed by this court, but the decisions have not been uniform. The later and better construction is, that the actions given by these sections for the benefit of the widow and next of kin of a person whose death has been caused by the wrongful act, etc., of another, being the same action that accrued to, and could have been prosecuted by him in the event death had not ensued from the injury, no other element of damages can enter into or constitute a part of the recovery than such as were sustained by the deceased himself, and for which he could have recovered had he lived and prosecuted the action. And hence loss or injuries to the children or next of kin occasioned by his death, can constitute no part of the cause of action or element of the plaintiff's right of recovery. See *Trafford* v. *Adams Express Co.*, 8 Lea, 96, where the cases are carefully reviewed and the principle here stated enunciated. And this decision has been steadily followed since it was announced: *N., C. & St. L. R. R. Co.* v. *Smith*, 9 Lea, 470, and several unreported cases during the last term at Nashville. While a number of previous decisions had given apparent sanction to the rule announced by his Honor in the above instruction, and while upon the principle of *stare decisis*, it might have been better not

9—VOL. 11.

to have disturbed these former decisions, yet there can be no doubt but the present construction is the correct one; and the principle upon which it is based had been announced long before in the case of *Fowlkes Adams* v. *N. & D. R. R. Co*, 9 Hum., 829.

Our attention has been called to a recent act of the Legislature, passed March 26, 1883, which provides that these sections be so amended that damages resulting to the parties for whose use and benefit the right of action survives, from the death consequent upon the injuries received, shall be recoverable in such action, and which is the same provision in substance as was embraced in the former decisions referred to. And it is now insisted that inasmuch as the legislative will has thus been expressed in regard to the principle we should give to this act, a sort of persuasive force as to the proper construction to be placed upon the sections of the Code above referred to, and again return to the previous construction by conforming our decisions to this recent act, or else give it a retroactive force by applying its provisions as well to cases that existed prior to its passage as those that occur under it. That this cannot be done, is, we think, too plain for argument.

By art. 1, sec. 20, of the Constitution of this State, "no retrospective law, or law impairing the obligation of contracts, shall be made."

By the law governing the rights of the parties at the time the cause of action alleged in this case accrued, the loss or injury to his children by the death of the deceased, constitute no element of

damages for which they, or the plaintiff for them, had any right of recovery. The act in question constitutes a new or additional cause of action. The rights of the parties were fixed under the law as it existed at the time of the injury complained of, and any law which undertook to change those rights would be retrospective and void, as it would be a matter which affected the right and not merely the remedy, as has been insisted in argument.

For this error in the charge the judgment of the circuit court must be reversed and a new trial awarded.