Jacob G. Miller, Plaintiff-in-Error,

*v.*

Dennis R. Sohns, Defendant-in-Error.

464 S.W.2d 824

(*Knoxville,* September Term, 1970.)

Opinion filed March 1, 1971.

C. S. Rainwater, Jr., Rainwater & Rainwater, Dandridge, for plaintiff in error.

J. WAYNE WOLFENBARGER, Rutledge, for defendant in error.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

We granted certiorari to the Court of Appeals, Eastern Section, in this case because it involves the Uniform

Contribution Among Tort Feasors Act: the particular question being whether the Act could be applied retroactively under the facts of this case.

Sohns filed suit for personal injury and property damage against Miller, Jurich and Phelps, after a three-car accident involving the parties, in which Sohns was injured.

On August 21, 1968, immediately prior to trial Sohns entered into a covenant not to sue with defendants Phelps and Jurich in consideration of their payment to him of $5,000.00. Sohns then took a voluntary nonsuit as to these defendants. The case then proceeded to trial against Miller on that same day, with the jury returning a verdict against Miller for $5,000.00.

Again, on that same day, defendant Miller, relying on the Uniform Contribution Among Tort Feasors Act, T.C.A. sec. 23-3101, et seq., orally and in writing, moved the court to reduce the amount of the judgment by the sume of $5,000.00, because that was the amount paid to Sohns for his covenant not to sue. Defendant Miller also filed a motion for a new trial.

After hearing, both motions were overruled, at which time the trial judge suggested a remittitur of $300.00, which was accepted by plaintiff Sohns. Judgment was then entered in the amount of $4,700.00 in favor of Sohns and against defendant Miller.

Miller appealed to the Court of Appeals, Eastern Section, assigning as error (1) that there was no evidence to support the verdict, and (2) that the court erred in overruling defendant's motion to reduce the verdict and judgment by the amount the plaintiff had been paid for

his covenant not to sue, all in accordance with a provision of the Uniform Contribution Among Joint Tort Feasors Act, T.C.A. sec. 23-3105.[1]

The first assignment of error, respecting the evidence, was overruled, the Court of Appeals holding, with which we agree, was that there is evidence to support the verdict of the jury.

The second assignment of error was overruled, and because of the novelty of the question, and the involvement of the new statute, we granted certiorari.

The Uniform Contribution Among Tort-Feasors Act became law in this State on April 3, 1968. This accident occurred on October 29, 1967. The covenant not to sue was made on August 21, 1968, the day of the trial.

▉ The argument in the Court of Appeals and here is that this particular part of the Act affects only the parties' remedies and does not alter their substantive rights, so that it has retroactive application as a pro-

---

[1] "23-3105. *Effect of release or covenant not to sue upon liability of other tort-feasors.*—When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death;

"(a) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

"(b) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor.

"(c) No evidence of a release or covenant not to sue received by another tort-feasor or payment therefor may be introduced by a defendant at the trial of an action by a claimant for injury or wrongful death, but may be introduced upon motion after judgment to reduce a judgment by the amount stipulated by the release or the covenant or by the amount of the consideration paid for it, whichever is greater."

cedural, remedial statute. As did the Court of Appeals, we disagree.

At the time of the occurrence of the accident, October 29, 1967, at which time the substantive rights of plaintiff Sohns accrued, one of these rights was for a consideration, to make a covenant not to sue, without the amount paid by the alleged joint tort-feasor reducing the amount he might recover in a subsequent suit.

History of a Lawsuit, 7th Ed., sec. 266, at page 307, says with respect to this, the following:

"A mere covenant not to sue one of two or more wrongdoers does not operate to extinguish the plaintiff's right of action against the others and cannot be pleaded in bar by them; nor can the sum received by the plaintiff under it be shown by the defendant in mitigation of damages."

This text is supported by citation of a number of cases by this Court and the Court of Appeals.

So, the question is, in view of this impairment of Sohns' substantive, valuable right, will this Court construe this particular section of the Act as applying retroactively. And, the answer must be, in accordance with rules of law well settled in this State, that the Act will not be so construed and applied.

■ This general rule derives from the Constitution of Tennessee, Article 1, sec. 20, providing "that no retrospective law, or law impairing the obligations of contracts, shall be made." While this constitutional provision does not mean that absolutely no retrospective law shall be made it does forbid the making of any law which divests or impairs vested rights. Pursuant to this

constitutional provision it was expressly held in *Chicago, St. L. & N. O. R. Co. v. Pounds,* 79 Tenn. 127 (1883), "that the rights of parties, growing out of personal injuries fixed under existing law, cannot be changed by subsequent laws."

Again, in *Hannum v. McInturf,* 65 Tenn. 225, it is made clear that the test of impairment is whether the right in full existing at the time of its accrual would be diminished by application of the statute.

This general proposition is dealt with in the innumerable cases annotated under Article 1, sec. 20, Constitution of Tennessee, annotated in Vol. 1 of T.C.A.

Since, as the trial court, the Court of Appeals and this Court find, the application of the statute would impair a right vested in plaintiff Sohns at the time of the commission of the tort against him, the statute cannot be so applied. The judgment of the trial court and the Court of Appeals are affirmed.

Dyer, Chief Justice, Chattin and McCanless, Justices, and Jenkins, Special Justice, concur.